UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| SHAWN MUSGRAVE, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Case No. 22-5252 |
| MARK WARNER, *et al.*, | * | |
| | * | |
| Appellees. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**APPELLANT'S MEMORANDUM IN PARTIAL OPPOSITION TO**
<u>***AMICUS CURIAE*'S MOTION TO PARTICIPATE IN ORAL ARGUMENT**</u>

After seeking the parties' respective positions regarding a proposed motion to participate in oral argument in this case, the United States filed a misleadingly-titled Unopposed Motion to Participate in Oral Argument, which, despite the title, was opposed by both parties except under mutually exclusive conditions. Appellant Shawn Musgrave ("Musgrave") hereby responds to the Government's motion insofar as it might be construed as a motion for additional oral argument time on top of the time allotted to Appellees.

As a general rule, an *amicus curiae* is not permitted to participate in oral argument. Fed. R. App. P. 29(a)(8). In this case, the Government's request is particularly unusual to the extent that it potentially seeks oral argument time in addition to the time allotted to the parties. The Court should either deny the

Government's request in its entirety or only allow the Government to share Appellees' oral argument time.

The advisory committee notes to Federal Rule of Appellate Procedure 29 make clear that while "it is not unusual for a court to permit an amicus to argue when a party is willing to share its argument time with the amicus[,] [t]he Committee does not intend . . . to suggest that in other instances an amicus will be permitted to argue absent extraordinary circumstances." Fed. R. App. P. 29, advisory committee's note to 1998 amendments. Indeed, as the advisory committee noted in 1998, the previous version of the rule had permitted *amicus* participation in oral argument only when there were "extraordinary reasons"; that language was removed in recognition of the practice where a party would voluntarily relinquish some of its time to an *amicus*, but the committee made clear that "independent" time is still disfavored. The Government has not even attempted to show why this case presents "extraordinary circumstances" warranting a departure from this general rule.

Moreover, the Government has submitted a brief in support of Appellees, and thus is properly considered to be on the same "side" for allotment of oral argument time. *See* Fed. R. App. P. 34, advisory committee's note to 1967 adoption ("The term 'side' is used to indicate that the time allowed by the rule is afforded to opposing interests rather than to individual parties. Thus if multiple

2

appellants or appellees have a common interest, they constitute only a single side."). Additional argument time for the Government to argue in favor of Appellees and against Musgrave is not warranted under the circumstances, for the Government here is quite unlike the non-parties with distinct and substantial interests in the cases where court have previously permitted amici to participate in oral argument. *See*, *e.g.*, *Lopez Torres v. New York State Bd. of Elections*, 462 F.3d 161 (2d Cir. 2006) (New York Attorney General and State Legislature concerning system for nominating and electing state judges). Independent argument time for the Government would, in effect, be double time for counsel in support of Appellees.

     Furthermore, granting the Government's motion would lie in tension with the principle that a non-party may not attempt to raise legal issues not presented by the parties to the appeal. *See* 16A Wright *et al.*, *Federal Practice and Procedure: Jurisdiction* § 3975.1 (3d ed. 1999) ("In ordinary circumstances, an amicus will not be permitted to raise issues not argued by the parties."); *Michel v. Anderson*, 14 F.3d 623, 625 (D.C. Cir. 1994) (court ordinarily "would not entertain an *amicus*' argument if not presented by a party"). The Government has already been able to present written arguments which were not presented by the parties by virtue of the fact that the United States does not need leave to file an *amicus curiae* brief, Cir. R. 29(b), but the Court should not exacerbate that issue by then allowing the

Government to further develop those arguments in person, let alone to *respond* to Musgrave's arguments in the moment by potentially making even *more* arguments which were not presented by the actual parties to the case.

If the Court is inclined to grant the Government's motion, Musgrave requests that the Government be required to share oral argument time with Appellees. If the Court decides to allow the Government additional oral argument time, Musgrave requests that he be provided with the same amount of argument time as the total time allotted to the other side.

Date: October 6, 2023

                                         Respectfully submitted,

                                         /s/ Kelly B. McClanahan
                                        Kelly B. McClanahan, Esq.
                                        D.C. Bar #984704
                                        National Security Counselors
                                        4702 Levada Terrace
                                        Rockville, MD  20853
                                        301-728-5908
                                        240-681-2189 fax
                                        Kel@NationalSecurityLaw.org

                                        *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 838 words, and was prepared in 14-point Times New Roman font using Microsoft Word 2016.

                                         /s/ Kelly B. McClanahan  
                                         Kelly B. McClanahan, Esq.