# United States Court of Appeals
### For The District of Columbia Circuit
_____

**No. 22-1318**                                                   **September Term, 2022**

DHS-81FR11364
DHS-10/26/16 Order

Filed On: April 19, 2023 [1995418]

Michael Muir,

    Petitioner

    v.

United States Department of Homeland
Security and Transportation Security
Administration,

    Respondents

**O R D E R**

It is **ORDERED**, on the court's own motion, that the following briefing schedule will apply in this case:

| | |
|---|---|
| Certified Index to the Record | May 3, 2023 |
| Amicus Curiae Appointed for Petitioner's Brief | June 23, 2023 |
| Appendix | June 23, 2023 |
| Petitioner's Brief | June 23, 2023 |
| Respondents' Brief | July 24, 2023 |
| Amicus Curiae Appointed for Petitioner's Reply Brief | August 14, 2023 |
| Petitioner's Reply Brief | August 14, 2023 |

All issues and arguments must be raised by petitioner in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief. A brief, or a notice stating that petitioner will join in the brief of amicus curiae, must be filed by petitioner. Failure by petitioner to comply with this order may result in dismissal of the appeal for lack of prosecution. See D.C. Cir. Rule 38.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————

**No. 22-1318**                                                   **September Term, 2022**

The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 42 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested, and by first class mail.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk