[ORAL ARGUMENT SCHEDULED FOR DECEMBER 13, 2023]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

SHAWN MUSGRAVE,

        Plaintiff-Appellant,

v.

MARK WARNER, Chairman, and SENATE SELECT COMMITTEE ON INTELLIGENCE,

        Defendant-Appellee.

No. 22-5252

---

**UNOPPOSED MOTION TO PARTICIPATE IN ORAL ARGUMENT**

Pursuant to Federal Rules of Appellate Procedure 29(a)(8) and D.C. Circuit Rule 34(e), the United States respectfully moves for leave to participate at oral argument as *amicus curiae*. The parties do not oppose participation by the United States, but they do not agree on how the government's oral argument time should be allocated. The reasons for the motion are set out below.

    1. Plaintiff Shawn Musgrave has sued the Senate Select Committee on Intelligence and its Chairman, Senator Mark Warner, claiming that the common law provides him with a right to access a classified committee report

on the Central Intelligence Agency's former detention and interrogation program.  Mr. Musgrave does not allege that he has either an appropriate security clearance or a legitimate "need to know" the classified information in the report.  *See* Exec. Order No. 13526, § 4.1(a), 75 Fed. Reg. 707, 720 (Jan. 5, 2020).  The district court dismissed Musgrave's suit for lack of jurisdiction.

2.  On appeal, the United States has filed an *amicus* brief supporting the appellees in this case.  The United States has explained its views that Musgrave's claim should fail for three independent reasons: sovereign immunity bars suits against federal officers based on alleged violations of a common-law duty; the classified report is not a "public record" subject to the common-law right of access; and even if the common-law right did apply, a balancing of interests could not weigh in favor of compelled disclosure.

3.  The Court has scheduled oral argument for December 13, 2023.  The United States respectfully seeks leave to participate at oral argument.  The United States has significant interests in preserving the proper scope of sovereign immunity and in controlling access to classified information.  Indeed, the Supreme Court has recognized the Executive Branch's unique

constitutional "authority to protect such information." *Department of Navy v. Egan*, 484 U.S. 518, 527 (1988).

4. Appellant Musgrave does not oppose this request if the Court grants the United States part of the appellees' time for argument but does oppose the request to the extent it seeks additional time on top of what would be allocated to appellees. The appellees do not oppose this request as long as the time for *amicus* argument is not taken from or does not otherwise diminish the argument time allocated to them.

## CONCLUSION

For the foregoing reasons, the United States respectfully seeks leave to participate at oral argument in this case.

Respectfully submitted,

MICHAEL S. RAAB

 s/ Thomas Pulham
THOMAS PULHAM
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7323*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue, N.W.*
  *Washington, D.C. 20530*
  *(202) 514-4332*

NOVEMBER 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 400 words, according to Word for Microsoft 365.

        s/ Thomas Pulham
        Thomas Pulham

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system

                                                s/ Thomas Pulham  
                                               Thomas Pulham